UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
              Plaintiff,            )
                                    )
v.                                  )          No. 3:26-CR-70-TAV-JEM
                                    )
JAYEST PATEL,                       )
                                    )
              Defendant.            )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jayest Patel's Motion to Continue Trial [Doc. 18], filed on July 13, 2026.

Defendant asks to continue the August 18, 2026 trial date approximately sixty days and to extend all other deadlines [*Id.* ¶¶ 1, 6]. As grounds, Defendant states defense counsel needs more time to meet with him to review the discovery and to discuss trial strategy [*Id.* ¶ 4]. Counsel also needs time to research the potential immigration consequences of his charge [*Id.*]. Defendant states that a continuance of the trial date and schedule in this case furthers the ends of justice by allowing Defendant the opportunity to review the discovery, file pretrial motions, and prepare the case for trial [*Id.* ¶ 5]. Defendant understands his right to a speedy trial and that the time between the filing of his motion and the new trial date is fully excludable [*Id.* ¶ 6]. The Government does not oppose the requested continuance [*Id.*].

Based upon the information in Defendant's motion, which the Government does not oppose, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).

Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs more time to review, discuss, and evaluate the discovery in this case and, if deemed necessary, to file pretrial motions. *See id.* § 3161(h)(7)(B)(iv). Also, defense counsel requires additional time to research and advise Defendant on potential immigration consequences and to prepare the case for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the August 18, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial [**Doc. 18**]. The trial of this case is reset to **November 17, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on July 13, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Patel's Motion to Continue Trial [**Doc. 18**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **November 17, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 13, 2026**, and the new trial date of **November 17, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **August 6, 2026**, and responses to pretrial motions are due on or before **August 20, 2026**;

2

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 16, 2026**;

(6) the deadline for filing motions *in limine* is **November 2, 2026**, and responses to motions *in limine* are due on or before **November 10, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **November 3, 2026, at 10:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 6, 2026**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge

3